NOT DESIGNATED FOR PUBLICATION

No. 116,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN C. CROWELL,
*Appellant*. MEMORANDUM


OPINION


Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed March 16, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Bryanna R. Hanschu*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Shawn C. Crowell was convicted by a jury of aggravated battery. At sentencing, he was ordered to pay restitution to the victim, James Jones, in the amount of $202,551.52. Subsequent to the sentencing, Crowell filed a motion to reconsider restitution based on a $100,000 settlement and release executed by the victim in a companion civil action.

The district court ruled that although the amount of the settlement should be offset against the restitution amount, Crowell remained liable for the balance of $102,551.52.

1

Crowell appeals from that decision. We find no abuse of discretion nor any legal error by the district court, and we affirm the judgment.

*Factual and Procedural Background*

Crowell's conviction of aggravated battery arose out of an altercation and high-speed chase which ultimately resulted in Crowell's car hitting Jones' motorcycle, causing extensive personal injuries which caused Jones to be hospitalized and undergo several surgeries. The details of the altercation and chase and the aftermath are set forth in the record and are well-known to the parties but are not essentially relevant to Crowell's issues on appeal regarding restitution.

At the sentencing hearing on May 29, 2015, the victim spoke regarding the mental, financial, and physical effects he suffers, including chronic pain, anxiety and depression, problems with his memory, medical bills, upcoming surgeries, and lost wages. When requesting restitution, the State told the court the following:

> "As Mr. Jones mentioned, he has significant medical bills which I have copies of them here. His—just the money that he owes to the hospital and to the doctors at KU alone is $199,194. . . . In addition, he also has $660 for the tow and storage for his motorcycle when it was injured—I'm sorry, when it was—after his injury. He has $852.32 medical—I'm sorry—ambulance bill as well. In addition, he had a $67.02 bill for a shoulder immobilizer or splint from his injury as well. And he had a bill for $1,330 and then $488, and those were for occupational and physical therapy that he also had to pay as a result of those injuries. So, Your Honor, we're asking for restitution for that amount as well."

Crowell moved for a downward departure from the sentencing guidelines, arguing substantial and compelling reasons supported his motion. Crowell also argued for

probation or a shorter prison sentence, saying that if he were in prison for 10 or more years it would be unlikely he could pay back the restitution from his prison funds.

Regarding restitution, Crowell's counsel said that she had not seen the bills but "trust[ed] that they're accurate." The State offered to make copies of the bills, but Crowell's counsel responded that they did not challenge the amount. Without an objection by Crowell, the district court determined "[t]he KU Med Center bill as indicated by the State, the towing and storage, the ambulance bill, the splint for the shoulder and then the therapy are all direct and proximate results of the injuries so those will be ordered as restitution." The total amounted to $202,551.52.

The district court did not find sufficient substantial and compelling reasons to grant Crowell's motion for a departure. Taking into account the severity of the crime and his criminal history score, the court sentenced Crowell to the standard sentence of 120 months' imprisonment, plus restitution.

After sentencing but prior to his appeal being docketed with this court, Crowell filed a pro se motion to reconsider restitution. His motion indicated that he had reached a settlement in a companion civil suit, resulting in a release.

Crowell attached the civil settlement notice letter and the release documents to his pro se motion. The release stated, in part:

"FOR THE SOLE CONSIDERATION of One Hundred Thousand and 00/100 Dollars ($100,000.00), the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby releases and forever discharges Shawn C. Crowell . . . from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, and particularly on account of all damages, costs or expenses which have resulted or may in the future develop from a vehicular accident which occurred on or

3

about the 10th day of June, 2013 on Hagemann Street at or near its intersection with 36th Street in Kansas City, Kansas."

Crowell's appellate attorney also requested that the district court consider the issue of restitution before his appeal was filed, and the district court held a hearing on this issue.

At issue before the district court was whether the settlement in the civil action released Crowell from restitution in his criminal case or whether the total amount of criminal restitution should be offset against the civil settlement. The State argued that based on *State v. Applegate*, 266 Kan. 1072, 976 P.2d 936 (1999); K.S.A. 60-4304; and the fact that the State was not a party to the civil suit, the district court should credit the $100,000 civil settlement against the entire restitution award. Crowell responded that the victim was aware of his damages when he accepted the $100,000 settlement, and the settlement released the parties from further financial obligations. The court acknowledged that "it sure appears from this release that the victim in the case has said that he understands that $100,000 is all he's going to receive." However, it held that K.S.A. 60-4304 and *Applegate* guided its decision in using the $100,000 civil settlement to reduce the restitution amount to $102,551.52. Crowell timely appealed.

*Standard of Review*

Appellate review of an order directing a criminal defendant to pay restitution can involve three standards of review. If the issue concerns the amount of restitution and the manner in which it is made to the aggrieved party, it is reviewed under the abuse of discretion standard. The trial court's factual finding of the causal link between the crime committed and the victim's loss will be affirmed if those findings are supported by substantial competent evidence. Finally, appellate court review of legal questions

4

involving the interpretation of underlying statutes is subject to unlimited review. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016).

Whether the district court erred in the amount of restitution it ordered is reviewed for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Whether a release of claims in a civil settlement precludes a restitution order in a criminal action is a question of law. An appellate court's review of questions of law is unlimited. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

*The Workability of the Restitution Order*

First, Crowell argues that the case should be remanded because the district court failed to find the restitution plan unworkable. However, his claim that the district court abused its discretion in this way is unconvincing. A sentencing judge has considerable discretion in determining the appropriate amount of restitution. *State v. Hunziker*, 274 Kan. 655, 659-60, 56 P.3d 202 (2002). State statute also says: "In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan unworkable." K.S.A. 2017 Supp. 21-6604(b)(1). Crowell had the burden to show evidence of compelling circumstances resulting in an unworkable restitution plan. *Shank*, 304 Kan. at 94. The district court has no obligation to independently make findings regarding the plan's workability. See *State v. King*, 288 Kan. 333, 356-57, 204 P.3d 585 (2009).

Here, Crowell argues that the district court did not consider whether the payment of "the extraordinary amount of $205,000 was workable as the statute requires." Again, though, the burden is on Crowell to show the restitution plan is unworkable. The only time Crowell's ability to pay restitution was brought up by the defense at the sentencing hearing was when the defense moved for a downward departure from the sentencing guidelines. The focus at that time was the potential length of his sentence, not the amount of restitution. There was no other mention of the restitution plan being unworkable, nor did the defense question or object to the amount of Jones' medical and other financial obligations.

Ordinarily, this court does not consider issues on appeal which were not presented to or ruled on by the district court. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014); Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34). Even if Crowell obliquely raised the issue of unworkability at sentencing, his sole argument centered around his limited earning potential during his prison sentence. However, "imprisonment alone is not sufficient to render restitution unworkable." *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015); *Shank*, 304 Kan. at 95-96. Instead, an individual must show extraordinary circumstances prevent him or her from paying restitution after the incarceration period is over. See *Alcala*, 301 Kan. at 840. Crowell did not establish that anything contributed to the alleged unworkability of the amount of restitution except for his limited earnings while in prison. In fact, his attorney specifically said that Crowell would be employed upon his release. Therefore, even if unworkability was raised at sentencing, Crowell would still fail to meet his burden based on the arguments he presented to this court. The district court did not abuse its discretion in determining the amount of restitution because Crowell failed to meet his burden to demonstrate that the restitution amount was unworkable.

*The Effect of the Civil Release*

Second, Crowell argues that the civil release settlement satisfies the entirety of his restitution. He relies on *Applegate* to argue this court should find the $100,000 from the civil settlement releases him of the rest of the restitution amount because the civil settlement represents the entirety of the damages. However, this argument is inaccurate because it ignores the fact the district court determined the appropriate amount of damages was reflected in the original restitution order of $202,551.52.

Although K.S.A. 60-4304(b) instructs courts to credit the amount of restitution against a civil award, it does not address whether a civil damage award may or must be credited against restitution ordered in a criminal proceeding. However, *Applegate* tells us that the sentencing court is not prohibited from ordering restitution when the victim is also compensated in a civil case.

In *Applegate*, the defendant pled guilty to two counts of involuntary manslaughter and one count of aggravated battery after driving while under the influence of alcohol, crashing his car, and killing two of his passengers. He was sentenced and ordered to pay restitution, and the hearing to set the amount of restitution was set for a later date. Between the time he was sentenced and the restitution hearing, the defendant entered into a civil settlement of $100,000. The agreement released him from all claims and damages going forward, and the Kansas Supreme Court was left to decide what effect the civil settlement had on restitution from his criminal case. It held that restitution and civil damages are "separate and independent remedies" to be considered. 266 Kan. at 1078.

It is important to note the court in *Applegate* did not order additional restitution above the $100,000 settlement amount because it found the civil settlement amount satisfied all claims arising from the incident, leaving no need for further criminal

7

restitution. The court further clarified that it was not precluded from ordering an additional restitution amount if necessary to fully account for the victim's damages.

"The judge's order of restitution in a criminal action does not bar a victim from seeking damages in a separate civil action. Likewise, the judge, when sentencing a defendant in a criminal action, is not foreclosed from ordering restitution just because the victim has received compensation in a civil action." 266 Kan. at 1079.

Following the logic from the Kansas Supreme Court in *Applegate*, the district court was not prohibited from ordering restitution beyond the civil settlement. The *Applegate* court did not order more restitution because it found that the civil settlement fully compensated the plaintiffs for their damages. Here, though, the civil settlement amount of $100,000 did not compensate Jones for all of his damages, which the district court previously determined totaled $202,551.52. That amount came from medical bills and other financial obligations that were directly and proximately caused by the accident. The court, with its wide discretion in ordering restitution, was correct in determining restitution was still warranted in the criminal case. The district court correctly offset the total damage amount by the amount the victim received from the civil settlement, leaving $102,551.52 left in restitution in the criminal case.

*Conclusion*

The district court did not abuse its discretion in initially awarding restitution in the amount of $202,551.52. It also correctly used the civil settlement award of $100,000 to offset the amount owed in the criminal case, leaving $102,551.52 in criminal restitution. We affirm the district court's restitution order.

Affirmed.

8